UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------
In re

      JOEL K. SCHENFIELD                      BK 23-10059 CLB
      LIANE M. SCHENFIELD,

                   Debtors.                <u>DECISION & ORDER</u>

----------------------------------------------------

                          Joseph E. DeMarco, Esq.
                          Peter Grubea Attorneys
                          336 Harris Hill Road, Second Floor
                          Williamsville, New York 14221
                          Attorneys for Debtors

                          Mark F. Magnozzi, Esq.
                          Amish R. Doshi, Esq., of counsel
                          The Magnozzi Law Firm, PC
                          23 Green Street, Suite 302
                          Huntington, New York 11747
                          Attorneys for Creditor


Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.


     In their objection to a proof of claim, the debtors contend that the underlying obligation is unenforceable under the criminal usury law of New York. The primary issue in this dispute is whether a lender may avoid the application of a statute by means of a contract provision that designates a choice of law.

     In March of 2019, Applied Sciences Group, Inc., borrowed $67,000 from World Business Lenders, LLC. In the promissory note (the "Note") that memorialized this transaction, Applied Sciences Group agreed to repay the principal together with interest at an annual rate of 49.99 %. The Note was further guaranteed by Joel Kent Schenfield and Julie A. Dotton. As security for that guarantee, Mr. Schenfield and his wife, Liane M. Schenfield, gave to World Business Lenders a mortgage (the "Mort-gage") that encumbers their homestead at 241 Maple Avenue in Hamburg, New York.

Shortly after the execution of these instruments, Applied Sciences Group defaulted on the Note.

After various assignments, the Note was acquired by Southern Garden Services LLC, which then commenced a foreclosure action against Joel and Liane Schenfield. Thereafter, the Note was assigned to WBL SPE III, LLC.  Prior to entry of a final judgment, however, the Schenfields filed a petition for relief under Chapter 13 of the Bankruptcy Code on January 29, 2023.  WBL SPE III, LLC, then filed a proof of claim on April 10, 2023.  In it, the creditor asserts a secured claim of $184,095.84, a sum which includes pre-petition interest of $108,408.65.  The debtors now object to that claim.

The debtors allege that the Note and Mortgage are usurious and consequently unenforceable under New York law.  Specifically, the Schenfields argue that the contract rate of interest exceeds the criminal usury cap of 25 %, as set by section 190.40 of the New York Penal Law.  WBL SPE III, LLC, asks that the Court instead direct its attention to paragraph 12(d) of the Note, which states that "[t]his Loan Agreement shall be governed by the laws of the State of New Jersey without regard to its conflicts of laws rules."  The creditor contends that by reason of this contract provision, the parties have accepted the usury limits of the Garden State, whose criminal laws allow an annual rate of interest of up to 50 %.  *See* N.J. STAT. § 2C: 21-19(a).

Discussion

In *In re Gaston & Snow*, 243 F.3d 599, 602 (2d Cir. 2001), the Court of Appeals instructed "that bankruptcy courts confronting state law claims that do not implicate federal policy concerns should apply the choice of law rules of the forum state." Consequently, for purposes of selecting the applicable law of usury, we look initially to

the New York standards for choice of law. Fortunately, the Court of Appeals recently provided guidance in the context of a dispute over usury:

> "We have described New York's general rule for assessing the effectiveness of contractual choice-of-law provisions as follows: 'New York is unambiguous in the area of express choice of law provisions in a contract. Absent fraud *or violation of public policy*, contractual selection of governing law is generally determinative *so long as the State selected has sufficient contacts with the transaction*.'"

*United States v. Moseley,* 980 F.3d 9, 20 (2d Cir. 2020)(citations deleted)(emphasis added). Under this standard, the creditor's attempt by contract to impose New Jersey law must fail for two reasons: first, New Jersey lacks sufficient contacts with the transaction; and second, the flagrant disregard of New York's Penal Law violates public policy.

Overwhelmingly, the alleged liability involves contacts with the State of New York. The borrower was a New York corporation with a principal place of business in New York. In the mortgage, the lender identified itself as a New York limited liability company. Both of the guarantors are New York residents, as are both of the mortgagors whose homestead serves as collateral for the guaranty. As indicated in the notarial acknowledgment, the mortgage was executed in New York. Most significantly, the mortgage encumbers a parcel of New York real property. Both the Note and the guaranty recite that in "any suit, action or proceeding" arising from the transaction, venue shall be placed in New York. The original lender even acknowledges on its website that its main office is located in Elmsford, New York. The creditor responds that it also maintains an office in New Jersey. That, however, is insufficient to disregard the predominant and controlling connection with New York.

Even if we were to find that the mere existence of an office in New Jersey serves to establish significant contacts in that state as between a lender and borrower, those contacts would have no bearing on the rights of Liane Schenfield. Mrs. Schenfield is

neither a borrower nor a guarantor of the Note.  She has no personal liability to the creditor.  Rather, the creditor obtained her signature in New York on a mortgage that encumbers Liane's New York homestead.  For her, the only conscionable choice of law is one which applies New York's usury law.

By itself, the level of connection with New York compels an application of New York law to the disputed transaction.  But even if the relationships were more ambiguous, we would still apply New York's Penal Law for a second reason, namely that the choice of any other law would here violate public policy.  To do otherwise would permit individuals by personal fiat to eviscerate the criminal statutes of a state.

The charging of excessive interest is prohibited under both the civil and criminal laws of New York.  The general usury rate is now pegged at 16 % per annum.  *See* N.Y. GEN. OBLIG. LAW § 5-501(McKinney 2022) and N.Y. BANKING LAW § 14-a(McKinney 2020).  However, exceptions abound with regard to the application of this civil statute. *See In re Jeziorski*, 428 B.R. 18, 20 (Bankr. W.D.N.Y. 2010).  For example, section 5-521 of the General Obligations Law prohibits corporations from interposing the defense of civil usury.  But this exception does not apply to violations of New York's Penal Law, which prohibits the charging of interest in excess of 25 % per annum for any loan of less than $2,500,000.  *See* N.Y. PENAL LAW § 190.40(McKinney 2024) and N.Y. GEN. OBLIG. LAW § 5-501(6)(b)(McKinney 2022).

The asserted interest rate of 49.99 % exceeds not only the New York civil usury rate of 16 %, but also the criminal usury rate of 25 %.  Accordingly, we need not today consider the implications of an incidence of civil usury without more.  However, the criminalization of activity serves as a profound statement that compels us to treat its violation as a breach of public policy.  "That New York regulates usury at all holds some significance, but its legislation of a felony usury offense strikes us as particularly

persuasive in demonstrating that the New York legislature considers usury to be a matter of serious public concern." *United States v. Moseley*, 980 F.3d at 21.

We acknowledge but do not necessarily accept several cases which enforced the agreement of a New York corporation to apply the usury laws of a foreign jurisdiction. *See Axos Bank v. 64-03 Realty LLC,* 2024 WL 1435971, at *11 (E.D.N.Y., Apr. 3, 2024)*; RMP Capital Corp. v. Bam Brokerage, Inc.*, 21 F. Supp.3d 173 (E.D.N.Y. 2014); *Superior Funding Corp. v. Big Apple Capital* Corp., 738 F. Supp. 1468 (S.D.N.Y. 1990); and Walter *E. Heller & Co. v. Chopp-Wincraft Printing Specialties, Inc.*, 587 F. Supp. 557 (S.D.N.Y. 1982). Not arising from our district, these decisions are not binding on this Court. In any event, the cases involve transactions with greater levels of contact with a foreign jurisdiction than in the present instance. Moreover, all address the liability of a corporation. In contrast, the present dispute relates to the liability of individuals for whom the application of New Jersey law will result in the foreclosure of the home in which they reside.

The claim of WBL SPE III, LLC, arises from a transaction that overwhelmingly involves contacts with New York. Meanwhile, the validity of that claim implicates the state's own declaration of public policy. For these reasons, New York law will determine the debtors' liability. Charging an annual interest rate in excess of 25 %, the disputed loan is usurious under section 190.40 of the New York Penal Law. Pursuant to section 5-511 of the New York General Obligations Law, a loan allowing a usurious rate of interest is void. Where a loan has been taken or received in violation of the usury law, "the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and cancelled." N.Y. GEN. OBLIG. LAW § 5-511(2)(McKinney 2022). *See also Adar Bays, LLC v. GeneSYS ID, Inc.*, 37 N.Y.3d 320 (2021).

Finally, WBL SPE III, LLC, argues that section 215(6) of the New York Civil Practice Law and Rules sets a statute of limitations that precludes the current objection.  In relevant part, this statute states that a plaintiff must commence within one year any "action to recover any overcharge of interest or to enforce a penalty for such overcharge."  N.Y. C.P.L.R. 215(6)(McKinney 2024 Supp.).  Here, the debtors seek only to preclude the prospective enforcement of the Note and Mortgage.  Because the Schenfields do not look to recover any pre-petition payments, CPLR 215(6) has no application to the present dispute.

Conclusion

The claim of WBL SPE III, LLC, is based on a Note that is usurious and therefore void under New York law.  Accordingly, the debtors' objection is sustained and the claim is disallowed.

So ordered.

Dated: May 1, 2024                    _/s/ Carl L. Bucki_____
          Buffalo, New York              Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.